UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMIE E. EVANS,

                 Plaintiff,

     v.                                   Case No. 17-C-1436

MS. MARCHANT, et al.,

                 Defendants.

---

## AMENDED SCREENING ORDER[1]

---

        The plaintiff Tommie Evans, who is currently incarcerated at Wisconsin Secure Program Facility but was incarcerated at Waupun Correctional Institution at all times relevant to the complaint, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee.

        Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $30.32. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

---

[1] This amended screening order replaces the screening order issued on November 29. 2017. ECF No. 12. It specifically authorizes service on the Waupun warden until such a time as the Doe defendants can be identified. It also authorizes plaintiff to immediately begin discovery to determine the identity of the Doe defendants.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

On December 7, 2016, Evans alleges that he was told by the first shift Sergeant John Doe that he was being transported to Dane County Jail for a scheduled court appearance. Evans informed John Doe that due to a previous injury, he had restrictions that allowed him to use a sling and to be handcuffed in front, rather than behind his back. John Doe contacted the Restrictive Housing Unit to verify Evans' medical restrictions. John Doe stated that he spoke with Nurse Jane Doe, who stated that Evans did not have any medical restrictions. John Doe then required Evans

to be handcuffed his back. While at the sally port, Evans produced documentation verifying his restrictions. John Doe called the Health Services Office, but they failed to acknowledge the restrictions. Therefore, Evans was transported from Waupun to the Dane County Jail without his medical restrictions being observed, which caused great shoulder pain. Evans is alleging claims of deliberate indifference against John Doe, Jane Doe, and Ms. Marchant, the director of the Health Services Unit ("HSU").

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

To state a claim for deliberate indifference to medical care, a prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm and (2) the defendants were aware of the risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 842 (1970). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted). Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under out cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Evidence of negligence, medical malpractice, or even gross negligence does not equate to deliberate

indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Furthermore, dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient. *Id*.

At this stage of the proceedings, Evans has stated a claim for deliberate indifference against John Doe and Jane Doe individually. Evans has pled that he informed and provided document to John Doe of the medical restrictions requiring his use of a sling and front handcuffs. John Doe still required him to be handcuffed behind his back. Additionally, accepting all factual allegations as true and liberally construing them in favor of Evans, as I must at this stage of the proceedings, Evans has stated a claim against Defendant Jane Doe, who was called about his medical restrictions, because John Doe was attempting to verify them before handcuffing him, and denied their existence.

However, Evans has failed to state a claim against Marchant, the director of the Health Services Unit. In order to recover damages under § 1983, "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Marchant may not be held liable under a respondeat superior or negligent supervision theory because neither of those are grounds for liability under 42 U.S.C. § 1983. *Wilson v. City of Chi.*, 6 F.3d 1233, 1241 (7th Cir. 1993). Therefore, Marchant cannot be held liable for someone in HSU responding that Evans did not have medical restrictions. Additionally, Evans does not allege that Marchant was the HSU individual that denied that he had restriction. Thus, Evans has failed to state a claim for deliberate indifference against Marchant.

Lastly, the court notes that Evans seeks to bring all of his claims against the defendants in both their individual and their official capacities. The claims against the defendants in their official capacities must be dismissed. A suit against a state official in his official capacity is not a suit against

the official, but rather a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the defendants are all state officials, a claim against them in their official capacity is a claim against the state. *Id*. The state is not a "person" that would be suable under 42 U.S.C. § 1983. *Id*. at 65. Therefore, Evans cannot bring a claim against these defendants in their official capacities.

The court finds that the plaintiff may proceed on the claim of deliberate indifference against Defendants John Doe and Jane Doe in their individual capacities. Although there are no named defendants to be served, the Wisconsin Department of Justice will have notice of this suit and will be able to assist Evans as he attempts to identify the individuals who served in those roles. Additionally, the court will include Brian Foster, Warden of Waupun, as a named defendant in a limited capacity, until Evans is able to identify the Doe defendants who were personally involved. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 n.3 (7th Cir. 1996). After the entry of this order, Evans must serve discovery on Foster and the Wisconsin Department of Justice asking who the employees in those rolls were at the relevant time periods. Within 120 days of the date of this Amended Order, however, Evans should file a motion requesting to substitute the proper names of the defendants.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claim against Defendant Marchant is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are

5

being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that plaintiff file a motion requesting to substitute the proper names of the Doe defendants within 120 days of the date of this amended screening order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $319.68 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** this  6th  day of December, 2017.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court