# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMIE E. EVANS,

        Plaintiff,

v.                                                Case No. 17-C-1436

DOE ET AL.,

        Defendants.

## ORDER DENYING MOTION TO COMPEL

On October 20, 2017, plaintiff Tommie E. Evans, who is representing himself, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. ECF No. 1. Evans alleges that defendants John Doe and Jane Doe were deliberately indifferent to his serious medical needs when they failed to comply with his front-handcuff and arm-sling medical restrictions. *Id.* The court screened Evans' complaint and allowed him to proceed on his deliberate indifference claims against John and Jane Doe, and the court included defendant Brian Foster, Warden of Waupun Correctional Institution, as a named defendant in a limited capacity until Evans identifies the Doe defendants. ECF Nos. 12–13. On July 24, 2018, Evans filed a motion to compel discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. ECF No. 33.

Evans has failed to prove that the defendants were unresponsive to his discovery request, therefore his motion to compel will be denied. The decision to grant or deny a motion to compel discovery is left to a district court's discretion. *Cmty. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D. Wis. 1975); *see also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters . . ."). The movant in a motion to compel discovery bears the burden of proving that the answer to his interrogatory was

incomplete. *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976). In a telephone conference on June 6, 2018, Attorney Michael Morris, counsel for the defendants, indicated that he would look at Evans' medical records to see if he could identify the nurse who allegedly told defendant John Doe that Evans did not have medical restrictions. Evans claims that he has yet to receive a response regarding the records. In addition, Evans requests that the court compel the defendants to answer the following interrogatory: "Identify and attach a copy of any and all documents identifying the nurse whom officer contacted between the times of 10:45 a.m-12:00 p.m. on December 7, 2016, during transport, to verify plaintiff's medical restrictions." Mr. Morris states that he reviewed Evans' medical records and was not able to identify the nurse. Mr. Morris also reached out to Chrystal Marchant, a health services manager at Waupun Correctional Institute, who informed him that no calls were logged on December 7, 2016. The court finds that Mr. Morris has been responsive to Evans' discovery request. Evans' disappointment with the response does not make it incomplete. In the event that Mr. Morris encounters responsive material, he will supplement his discovery response as required under Rule 26(e) of the Federal Rules of Civil Procedure.

In any event, so as to avoid indefinitely prolonging this case, Evans is directed to amend his complaint to identify the Doe defendants by December 1, 2018, otherwise his case will be dismissed for failure to prosecute. *See* Civil L.R. 41 (Wis. E.D.).

**IT IS THEREFORE ORDERED** that Evans' motion to compel (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Evans amend his complaint to identify the Doe defendants by December 1, 2018.

Dated this   17th   day of September, 2018.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court